IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| William Gant and Joyce L. Gant, ) | Case No.: 10-01363-BGC-13 |
| ) | |
| Debtors. ) | |
| | |
| William Gant and Joyce L. Gant, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | A. P. No.: 10-00157-BGC |
| ) | |
| Johnny's Auto & Truck ) | |
| Repair a/k/a Johnny's Garage, ) | |
| and Johnny D. Robertson, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION ON COMPLAINT
## TO COMPEL TURNOVER AND FOR
## VIOLATION OF THE AUTOMATIC STAY

The matter before the Court is the <u>Complaint to Compel Turnover of Property</u> filed on December 16, 2010, by the debtors. Adversary Proceeding Docket No. 1. After notice, a trial was held on April 13, 2011. Appearing were: Mrs. Joyce Gant, one of the debtors; Mr. Michael J. Antonio, the plaintiffs' attorney; Mr. Johnny Robertson, the individual defendant; Mr. Donald T. Traywick, the attorney for the defendants; and Ms. Mary Francis Fallaw, staff attorney for the Chapter 13 Standing Trustee.

The matter was submitted on the testimony of Mrs. Gant and Mr. Robertson; exhibits; pleadings; arguments of counsel; the record in this adversary proceeding; and the record in Bankruptcy Case No. 10-01363-BGC-13. Based on the evidence, the Court finds that the relief requested by the debtors in their complaint, as amended, is due to be denied without prejudice to their right to pursue such other non-bankruptcy remedies that they may be legally entitled to in another forum.

### I. Findings of Fact

The Gants filed their Chapter 13 case on March 3, 2010. They listed a Chevrolet Impala automobile on Schedule B of their petition. Their plan was confirmed on May 28, 2010.

In August 5, 2010, they had the Impala towed to the defendants' place of business to be repaired. The defendants performed certain repairs on the automobile and the Gants, over a period of time, paid money to the defendants toward satisfaction of the debt owed for those repairs. In the meantime, the car remained at the defendants' place of business for about four months.

Whether or not the Gants have either paid the defendants in full or tendered payment in full to the defendants is a point of contention between the parties. Mr. Robertson, the corporate defendant's principal, testified that the Gants have not paid the full amount. In contrast, Mrs Gant testified that they tendered the final payment to Mr. Robertson, but that he refused it. Mr. Robertson testified that he refused the tender because it was far less than the amount owed. Ultimately, on November 23, 2010, the defendants sold the car under the auspices of the Alabama Abandoned Motor Vehicle Act, Code of Ala., 1975, §§ 32-13-1, et seq. Mr. Robertson, the individual defendant, purchased the vehicle.

## II. Conclusions of Law

The Gants filed the present adversary proceeding on January 1, 2011, seeking return of the car to them pursuant to 11 U.S.C. § 542, and damages for violation of the automatic stay pursuant to 11 U.S.C. § 362(k)(1). Neither statute, nor any other bankruptcy statute, offers a solution or remedy for their problem.

Section 1327(b) of the Bankruptcy Code provides that, "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1327(b). Consequently, on May 28, 2010, the Impala, by virtue of confirmation of the debtors' plan, became the Grants' sole property and no longer "property of the estate." As the discussion below demonstrates, this result is very important.

Section 542 requires turnover of only, "property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title...." 11 U.S.C. § 542(a). Under section 363(b)(1), a trustee may use, sell, or lease only "property of the estate." 11 U.S.C. § 363(b)(1). Moreover, only "property of the estate" may be exempted by a debtor pursuant to section 522. 11 U.S.C. § 522(b)(1). And, pursuant to Section 362(c)(1), the stay provided for in section 362(a)(3) of actions against "property of the estate" expires once the property is no longer property of the estate. "[T]he stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate ...." 11 U.S.C. § 362(c)(1).

Therefore, as of May 28, 2010, the date of confirmation, the vehicle was no longer "property of the estate," stay of actions against the vehicle expired, and the vehicle was no longer subject to turnover pursuant to section 542. Consequently, the actions taken against the car by the defendants, which occurred after confirmation,

2

could not have violated the stay provided for in section 362(a)(3) because the car was not "property of the estate" when those actions occurred.  Moreover, Mr. Robertson cannot be compelled to turn the car over to the Gants because section 542 only requires turnover of "property of the estate" which the car is not.  The relief requested by the Gants in the present adversary proceeding must, therefore, be denied <u>in toto</u> without prejudice, of course, to their right and ability to pursue whatever non-bankruptcy remedies or causes of actions they may have against the defendants, if any, with respect to the car in forums other than this one.

  The Court has, except as otherwise stated herein, made no findings with respect to the evidence presented at the trial of this matter and expresses no conclusions or opinions with respect to any factual or legal issues framed or raised by said evidence or with respect to the merits <u>vel non</u> of any such non-bankruptcy causes of actions or remedies.  Any factual conclusions contained herein may not be relied upon by any party for purposes of claim or issue preclusion in any other action.

  A separate order will be entered in conformity with this memorandum opinion.

  Dated:  June 16, 2011

/s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge

BC:sm

3